STATE v. JOHN WATERSTRADT.

November 25, 1898.

Nos. 11,342—(18).

Intoxicating Liquors—Sale to Minor—Verdict Sustained by Evidence.
   Evidence considered, and *held* sufficient to justify the verdict of the
jury.

Defendant was indicted in the district court for Polk county for
the crime of selling intoxicating liquor to a minor. The case was
tried before Ives, J., and a jury, which rendered a verdict of guilty.
From the judgment and sentence imposed, defendant appealed.
Affirmed.

*H. Steenerson,* for appellant.

*H. W. Childs* and *George B. Edgerton,* for respondent.

BUCK, J.

The defendant, Waterstradt, was indicted for the offense of
selling intoxicating liquors, to wit, whiskey, to one Gust Mortenson,
a minor. Upon trial before a jury he was convicted, and sentenced
to pay a fine of $25 and the costs of prosecution, and from the
judgment entered thereon he appealed to this court.

Mortenson with two companions went into the defendant's
saloon, where he was tending bar; and part of his testimony upon
the subject is as follows:

"My name is Gust Mortenson. I live in South Crookston. I am
sixteen, going on seventeen. Was sixteen last September 6th. I
was born in Norway. I know John Waterstradt, the defendant in
this case. His place of business is on the corner of Main and
Second streets,—on the northeast corner, in a frame building. I
was in his saloon, in that building, on the 31st of May last, in the
city of Crookston, Polk county, Minnesota. It is east, and opposite
the Merchants' National Bank. I was in there about 8:15 in the
evening. Hans Morberg and Pete Ramstad were with me. I got
in there and I walked up to the bar and said, 'Give me half a pint
of whiskey.' I handed him a bottle, and he put in half a pint from
a keg, and he put a cork in and handed it to me, and I put it in my
pocket and walked out. It was supposed to be whiskey. I have the
bottle with me. I paid twenty-five cents for it. He did not ask me
how old I was. He asked me what kind of whiskey I wanted, and

I said it did not make any difference.  I do not remember what kind it was."

This testimony as to the sale of the whiskey was corroborated by the testimony of his two companions, who were present and heard the conversation and saw the transaction.   One of these witnesses was Peter Ramstad, who furnished Mortenson the money to buy the whiskey; but there is no evidence to show that it was bought for Ramstad, or any person other than Mortenson himself. The sale was made by defendant directly to Mortenson, and the jury, upon the evidence, was fully warranted in finding that he was the real purchaser of the whiskey.   The testimony offered by the defendant was equivocal and unsatisfactory, and the weight of the whole evidence as to the guilt or innocence of the defendant was properly submitted to the jury, and the verdict should not be disturbed.   There were no reversible errors in the rulings of the court.

Judgment affirmed.